**Gary A. MACHABY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD et al., Respondents.**

**No. 6831.**

United States Court of Appeals
First Circuit.

Heard April 3, 1967.

Decided April 26, 1967.

---

Warren H. Pyle, Boston, Mass., with whom Angoff, Goldman, Manning & Pyle, Boston, Mass., was on brief, for petitioner.

Peter M. Giesey, Atty., Washington, D. C., with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Gary Green, Washington, D. C., Atty., were on brief for respondents.

Allan A. Tepper, Boston, Mass., with whom Snyder, Tepper, Berlin & Katz, Boston, Mass., was on brief, for intervenor.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is a petition to review a decision of the National Labor Relations Board dismissing a complaint of an unfair labor practice discharge. Briefly, the petitioner, a union steward, maintains that he was discharged for vigorous, but proper, performance of his stewardship, and not, as the Board found, for cause. Admittedly there was substantial evidence supporting the petitioner's position. In rejecting it the Board placed principal reliance upon a statement made by Machaby himself. Petitioner argues that "at best" this statement was ambiguous.

We disagree. Machaby's testimony was ambiguous "at worst." His position is initially based upon his own assumption that his admission in the midafternoon of Monday as to instructions he had given the employees related to Sunday, (when, assertedly, they might have been proper) although, concededly, he had just been talking to the employees a few minutes before and his admission in no way placed this remark back to Sunday. Our review of the events makes Monday appear the more logical. Certainly the Board did not have to choose Sunday.

 Nor can we agree that the Board "distorted" Machaby's testimony. When a steward tells the employees that if asked to work in a particular location under the "rules" they were not to "refuse," but that they should "ask to see your steward," namely, himself, and adds the advice that the location was unsafe and they did not have to work there, the Board was clearly warranted in its ultimate finding that the employees had received an instruction not to work. This was an improper instruction,* and adequate cause for discharge. The Board's rejection of the general counsel's claim that the employer's given reason for the discharge was a pretext is supported by substantial evidence.

Petition dismissed.

---

* Although the decision was by a majority, the panel was unanimous that this was not a dangerous location within the meaning of section 502 of the Act, 29 U.S.C. § 143, which might have permitted Machaby to take this position.